NO. 7388 STATE OF LOUISIANA

DOMINIC NATAL, Jr. ET AL
 COURT OF APPEAL
 VS

IRENE NATAL, ET AL. PARISH OF ORLEANS.

# 7388

St. Paul, Judge.

This controversy involves only the distribution of a fund arising from a sale to effect a partition between the widow and six children of Dominic Natal, Senior.

It would serve no useful purpose to rehearse a long and complicated litigation over the status of the property, which preceded the partition, but which culminated in a judgment on June 27th 1917 recognizing the widow as owner of one half of the property subject to a mortgage granted by her in favor of Mrs. Lillian Clarke for more than its value, and the children as owners of the other half subject to the payment of a judgment in favor of the same Mrs. Lillian Clarke for the sum of $419.44 advanced by her to pay succession debts.

The property brought $1490 and there were $238.46 of general charges, leaving a balance of $1251.54 to be divided between the widow and six children. The widows share was subject to special charges amounting to $84. These general and special charges are not objected to, and this makes the widows net share $541.77 and the childrens net share $625.77

1.

Mrs Lillian Clarke claims the whole of the widows share under her mortgage. The children also claim ##### it under a special mortgage of $661.14 granted by their mother as the price of their share in the community property when same was adjudicated to her.

The claim of the children is without merit. The aforesaid judgment of June 27th, 1917 restores them their interest in the property and hence they have no claim for the price. This is so clear that they themselves had their own mortgage cancelled by a judgment obtained by themselves on January 4th 1918. Moreover this was all done as a matter of compromise duly and formally entered into for the express purpose of ending this litigation.

Mrs. Clarke is therefore entitled to the whole of the widows net share, say $541.77.

## 11.

The childrens net share of $625.77 is declared by the judgment of June 27th 1917 to be subject to Mrs Clarke's claim for $419.44 advanced to pay succession debts. This must be read in the light of that claim. The children were by law liable for only their share of those debts, and presumably the judgment meant to follow the law; hence we interpret this clause of the judgment as meaning that they must reimburse Mrs Clarke only one half of the amount or $209.72, leaving the childrens' share at $416.05.

## 111.

Mr. J. B. Rosser, attorney, is entitled by contract to 40% of the childrens share, say $166.45, leaving for division between the six children the sum of $249.60, or $41.60 for each.

## 1V.

The share of Dominic Natal, Jr, is subject to a judgment against him in favor of the Mehle Live Stock and Commission Co exceeding the amount thereof, and must therefore be paid to it.

## V.

In order to make things clear we will recast the account in accordance with the above; and in our discretion we will cast each party for his own costs, partly to avoid entering into very small items, and also because most of the shares are already absorbed by the calims against them regardless of these costs.

It is therefore ordered that the judgment appealed from be amended so as to order the distribution of the proceeds of sale as follows;

1. General charges, as fixed by Notary $238.46
2. Special charges " " " " 84.
3. To Mrs. Lillian Clarke (Widows share) 541.77
4. To Mrs. Lillian Clarke (on Childrens share) 209.72
5. To Jas B. Rosser (40% of childrens share) 166.45
6. To Kehle Live Stock and Commission Co, )
 the share of Dominic Natal, Junior. ) 41.60

 the
7. To other five children of Dominic )
 Natal, Senior. $41.60 each ) $208.

 Total proceeds distributed $1490.00

 It is further ordered that as thus amended the judgment
appealed from be affirmed, each party to bear his own costs.

 New Orleans, La, June 17th, 1918.

JUDGMENT *on Rehearing*

Considering the agreement of counsel on file herein it is ordered, adjudged and decreed that the Judgment heretofore rendered in these proceedings by this Court on June 17th 1918 be and the same is hereby set aside, and it now ordered, adjudged and decreed that the funds be distributed in accordance with said written agreement as follows:-

1. General shares, as fixed by Notary, $238.46
2. Special charges " " " " 84.00
3. To Mrs. Lillian Clarke ( Widow's Charge) 541.77
4. To Mrs. Lillian Clarke( on children's Shares) 419.44
5. To Jas. B. Rosser, 40% of children's share) 166.45
6. To Mehle Live Stock and Commission Co.,
 the share of Dominic Natal, Jr. 6.65
7. To the other five children of Dominic Natal, Sr.,
 33.23

Total proceeds divided,-------------------- $1490.00

And it if further ordered that each party shall bear his own costs.

New Orleans, La. July 5th, 1918.

JUDGE.